**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:                      February 4, 2011

Courtroom Deputy:   Nel Steffens
Court Reporter:        Suzanne Claar
Interpreter:               Marcela Salazar
Probation Officer:     Gary Kruck

**Criminal Action No.  09-cr-00416-REB**

*Parties:*                                                    *Counsel:*

UNITED STATES OF AMERICA,              Zachary Phillips

    Plaintiff,

v.

2.  ROBERTO REYES-BARBA,                 Sean McDermott

    Defendant.

**SENTENCING MINUTES**

**9:10 a.m.     Court in session.**

Appearances of counsel.

Defendant is present in custody.

Interpreter is sworn; parties stipulate as to interpreter's qualifications.

Court's opening remarks.

Government orally moves to amend its motion for downward departure.

    **IT IS ORDERED** as follows:

1. That the government's oral motion to amend is received and granted; and

2. That the **United States' § 5K1.1 Motion for Downward Departure from Sentencing Guideline Range** [#197] filed February 3, 2011, is amended to include not only Guideline Section 5K1.1, but also the provisions of 18 U.S.C. § 3553(e).

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the Court that counsel has read and discussed the presentence report and addendum with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The Court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**IT IS FURTHER ORDERED** as follows:

3. That the plea agreement of the parties as stated in Court's Exhibits 1 and 2 is formally approved;

4. That the pending motions are resolved as follows:

    • the **Defendant Robert Reyes-Barba's Statement in Advance of Sentencing and Sentencing Memorandum Requsting** [sic] **that the Court Consider and Grant a Non-Guideline Sentence** [#194] filed January 21, 2011, is **DENIED**;

    • the  **United States' § 5K1.1 Motion for Downward Departure**

>   **from Sentencing Guideline Range** [#197] filed February 3, 2011, is **GRANTED**;
>
> • the **Government's Motion To Dismiss Remaining Counts of the Indictment** [#198] filed February 3, 2011, is **GRANTED**; that, accordingly, the crimes charged in Counts One and Three of the Indictment are **DISMISSED WITH PREJUDICE** as to this defendant only;

5. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count Two of the Indictment;

6. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **seventy-two (72) months**;

7. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **five (5) years**; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

8. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    • all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    • all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    • the following explicit or special conditions of supervised release:

        • that the defendant shall not violate any federal, state, or municipal statute, regulation, ordinance, or rule in any jurisdiction or place where defendant may be during the term of supervised release;

        • that the defendant shall not possess or use illegally controlled substances;

        • that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C.

      § 921;

- that the defendant shall cooperate in the collection of a sample of defendant's DNA;

- that if the defendant is removed from this country, then defendant shall not re-enter without the lawful approval and authority of the Secretary of the Department of Homeland Security;

- that if the defendant is removed from and then granted permission to lawfully return to this country, defendant shall report to the nearest United States Probation Department within 72 hours of defendant's lawful return to this country;

9. That no fine is imposed;

10. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

11. That the mandatory drug-testing provisions of 18 U.S.C.. § 3583(d) are waived;

12. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585; and

13. That the defendant is remanded to the custody of the United States Marshal.

The Defendant is advised of the right to appeal the sentence imposed by the Court.

**10:03 a.m.   Court in recess.**

Total time in court:   00:53

Hearing concluded.